IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Scott A. Johnson,<br><br>        Plaintiff,<br><br>    v.<br><br>Edward Matsui, Individually and d/b/a Hazel Sunset Self Storage, and as Trustees of The Matsui 1991 Revocable Living Trust; Betty A. Matsui, Individually d/b/a Hazel Sunset Self Storage, and as Trustees of The Matsui 1991 Revocable Living Trust,<br><br>        Defendants.<br>_____ | 2:10-cv-01307-GEB-KJM<br><br>ORDER RE: SETTLEMENT AND DISPOSITION |

        Plaintiff filed a Notice of Settlement on September 8, 2010, in which he states "the parties have settled this action. Dispositional documents will be filed within (30) calendar days." (ECF No. 8.)

        Therefore, a dispositional document shall be filed no later than October 8, 2010. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See L.R. 160(b)("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.")

        The status conference scheduled for September 20, 2010, is continued to commence at 9:00 a.m. on November 1, 2010, in the event that no dispositional document is filed, or if this action is not

1  otherwise dismissed.  Further, a joint status report shall be filed
2  fourteen days prior to the status conference.[1]
3          IT IS SO ORDERED.
4  Dated:  September 13, 2010
5
6                                  _____
                                   GARLAND E. BURRELL, JR.
7                                  United States District Judge

---

[1] The status conference will remain on calendar, because the mere representation that a case has been settled does not justify discontinuance of calendering a scheduling proceeding.  Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987)(indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2